[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE #101
The plaintiff, Putnam Downtown, LLC (Putnam), is the owner of the Putnam Shopping Center, in Putnam, Connecticut (the "Shopping Center"). The complaint arises out of a lease agreement, whereby the defendant, the Stop Shop Supermarket Company (Stop Shop), leased a space in the Shopping Center from the plaintiffs predecessor, Putnam Shopping Center, Inc., in which to operate a supermarket. Approximately twenty years after entering into the lease agreement, the defendant closed its supermarket, abandoned the space in the Shopping Center and opened a new supermarket two miles away. Despite closing its supermarket and abandoning the premises, the defendant continued to make payments on the space in the Shopping Center and exercised options to extend the lease for successive periods, pursuant to the terms of the lease agreement. The plaintiff filed a three count complaint against the defendant for breach of contract, violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b (CUTPA), and declaratory relief.
At issue in particular, is a restrictive covenant within the lease that restricts the plaintiff from leasing space to any other supermarket within or around the Shopping Center complex. Count two of the plaintiffs complaint alleges that the defendant has engaged in unfair methods of competition in violation of CUTPA, in that, by leaving the leased space in the plaintiffs Shopping Center closed for any public business while holding the plaintiff to the terms of the lease agreement, the defendant had the intent to keep a competitor grocery store out of the Shopping Center, thereby suppressing competition with the defendant's new supermarket. The plaintiff alleges, inter alia, that the defendant's acts have depressed the image, activity, business and reputation of the plaintiffs Shopping Center, resulted in the plaintiffs ascertainable loss of money and property, and served to benefit the defendant at the expense of the plaintiff and the neighborhood, of which it is a part.
The defendant has filed a motion to strike count two, allegation of a CT Page 13893 CUTPA violation, on the grounds that: (1) the plaintiff has not alleged — and cannot allege — that the defendant was under a duty to release it from the restrictive covenant and therefore, the defendant's failure to execute such a release cannot constitute a CUTPA violation; and (2) that the plaintiffs factual allegations comprise only a breach of contract claim.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions
stated in the pleadings. . . . The allegations of a complaint subject to a motion to strike are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support . . . a cause of action, the motion to strike must fail." (Citation omitted; emphasis in original; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). When deciding the motion, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Id., 580. "[G]rounds other than those specified should not be considered by the trial court in passing upon a motion to strike. . . ." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 259, 765 A.2d 505 (2001).
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy. . . . Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." (Internal quotation marks omitted.) JournalPublishing Co. v. Hartford Courant Co., 261 Conn. 673, 695-96
(2002). CT Page 13894
The defendant's motion to strike is premised upon the holding inDownes-Patterson Corp. v. First National Supermarkets, Inc.,64 Conn. App. 417, 780 A.2d 967, cert. granted, 258 Conn. 917 (2001) (appeal dismissed June 25, 2002). In Downes-Patterson, the plaintiffs alleged, inter alia, that the defendant's refusal to sign the release of a restrictive covenant amounted to a CUTPA violation. Downes-PattersonCorp. v. First National Supermarkets, Inc., supra, 64 Conn. App. 424. The court found that because the defendant was under no legal duty to release a property right that it had bargained for when it purchased its property, it did not violate CUTPA by declining to do that which it was not under any statutory or contractual obligation to do. Id. at 427-28.
The defendant's reliance on Downes-Patterson is misplaced. The plaintiffs allegation of a violation of public policy extends beyond the mere passive conduct discussed in that case. See Downes-Patterson Corp.v. First National Supermarkets, Inc., supra, 64 Conn. App. 427-28 ("Where a plaintiff alleges that a defendant's passive conduct violates CUTPA . . . common sense dictates that a court should inquire whether the defendant was under any obligation to do what it refrained from doing. . . . Just as the failure to disclose what one is not required to disclose does not violate public policy, the failure to release a right that one is not required to release similarly does not contravene public policy." [Citations omitted.]). The crux of the defendant's argument rests on the conclusion that the plaintiffs allegation of a CUTPA violation is limited to the defendant's refusal to release the plaintiff from the restrictive covenant. The complaint, however, taken in the manner most favorable to sustaining its legal sufficiency, alleges that the defendant used the lease, in particular, the terms of the restrictive covenant, to suppress competition.
Taken in the manner most favorable to sustaining its legal sufficiency, the complaint also alleges that this effort to suppress competition involved the closing, and leaving closed the leased space in combination with holding the plaintiff to the terms of the lease agreement. The complaint alleges that this use was injurious to the plaintiff, in that it generally depressed the image, activity, business and reputation of the plaintiffs Shopping Center which resulted in the plaintiffs loss of money and property. The complaint also alleges that this use caused injury to consumers ("the neighborhood"). Thus, the allegations in the complaint amount to a violation of public policy that falls within the rubric of CUTPA's cigarette rule. See Sportsmen'sBoating Corporation v. Hensley, 192 Conn. 747, 756, 474 A.2d 780 (1984) ("Because CUTPA is a self-avowed `remedial' measure, General Statutes42-110b (d), it is construed liberally in an effort to effectuate its CT Page 13895 public policy goals.").
The plaintiff has alleged a legally sufficient cause of action under CUTPA. Accordingly, the motion to strike count two is denied.
 ___________________, J. Potter, J.
CT Page 13896